UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CATHAY CAPITAL HOLDINGS II, LP, | |
| *Plaintiff,* | Civil No. 3:20cv1365 (JBA) |
| *v.* | |
| TING ZHENG, | |
| *Defendant.* | August 5, 2021 |

**RULING GRANTING LEAVE TO DEFENDANT TO AMEND ITS NOTICE OF REMOVAL**

Plaintiff Cathay Capital Holdings II, LP filed this Complaint in the Connecticut Superior Court for misappropriation of trade secrets, misappropriation of non-trade property, civil theft, breach of fiduciary duty, unfair competition, and unjust enrichment. (Compl., Ex. A to Notice of Removal [Doc. # 1-1].) Defendant removed the action to the federal district court on the basis of several arbitration agreements between the parties that it says are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201 to 208 ("New York Convention"), which confers subject matter jurisdiction on the federal courts in disputes related to arbitration provisions governed by the Convention. (Notice of Removal [Doc. # 1] ¶¶ 5-6.) Plaintiff filed a motion to remand, arguing that Defendant failed to establish that this action relates to any arbitration provision. (Pl.'s Mem. in Supp. of Mot. to Remand [Doc. # 27] at 14.) Defendant opposes, arguing that its Notice of Removal is adequate, or in the alternative, that it be permitted to amend its Notice of Removal to address deficiencies identified by the Court. (Def.'s Mem. in Opp. to Mot. to Remand [Doc. # 30].)

I.      **Background**

Plaintiff is a private equity fund that directly invests in China. (Compl. ¶ 6.) In 2012, Plaintiff entered into a Share Subscription Agreement with Great Trade, a company of which

Defendant Ting Zheng was the CEO and an officer. (*Id.* ¶¶ 11, 13.) Great Trade has two main operating companies, one of which is called Guangzhou WOT Mechanical Equipment company and the other of which is called Fuzhou Minyue Mechanical & Electrical Co. (*Id.* ¶ 11.) Plaintiff invested significant additional funds in Great Trade in November 2015, bringing its stake to forty percent and making it the only preferred shareholder. (*Id.* ¶ 14.) Three of the four remaining shareholders were related to Defendant. (*Id.* ¶ 15.) After making the initial investment, Plaintiff and Defendant worked closely together to infuse capital into WOT Mechanical, which Plaintiff believed held substantial growth potential. (*Id.* ¶¶ 16, 17.)

In November 2015, the Parties entered into a new subscription agreement that provided for certain preferred payments to Plaintiff, which were guaranteed by Defendant. (*Id.* ¶¶ 21, 22.) Defendant never made the payments, which total approximately $97 million. (*Id.* ¶ 23.) This subscription agreement contains an arbitration clause which requires that disputes be settled through arbitration at the Hong Kong International Arbitration Centre in accordance with the UNCITRAL rules in effect at the time the agreement was made. (Notice of Removal ¶ 4.) Plaintiff asserts no breach of contract claims.

In April 2020, Plaintiff discovered that Defendant had secretly created a new company called Shanghai Yuede Electromechanical Equipment Co., Ltd. ("Yuede") in December 2018, which he operated in direct competition with WOT Mechanical. (Compl. ¶¶ 29-30.) This action benefitted the other shareholders while harming Plaintiff. (*Id.* ¶ 53.) All of Plaintiff's claims relate to this alleged misconduct.

In its Notice of Removal, Defendant represents that the written agreements between the parties "requir[e] that disputes be settled through arbitration at the Hong Kong International Arbitration Centre in accordance with the UNCITRAL rules then in effect" and that the arbitration agreements fall under the New York Convention, which confers subject matter jurisdiction on the district court in matters relating to an arbitration agreement that falls under the Convention. (Notice of Removal ¶¶ 4-7 (citing *Beiser v. Weyler*, 284 F.3d 665,

669 (5th Cir. 2002)). In response, Plaintiff filed a Motion to Remand asserting that Defendant "does not meet his burden of showing the requisite connection between, on the one hand, the alleged wrongful conduct that Cathay is pursuing in its state court complaint and, on the other hand, the arbitration provisions that Zheng's Notice of Removal References. (Pl.'s Remand Mem. at 5.) Defendant both opposes remand and requests that the Court compel arbitration and stay the case pending the outcome of the arbitration. (Def.'s Mem. in Opp. [Doc. # 30].)

## II.  Discussion

"Normally, 'out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 209 (S.D.N.Y 2011) (quoting *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003)). But § 205 of the New York Convention has been interpreted to provide for "easy removal" that "confer[s] jurisdiction liberally." *Id.* at 209-210 (quoting *Beiser*, 284 F.3d at 674); *see also York Hannover Holding A.G. v. Am. Arb. Ass'n*, 794 F. Supp. 118, 120 (S.D.N.Y. 1992). Indeed, § 205 "added one of the broadest removal provisions . . . in the statute books" such that "the general rule of construing statutes strictly against removal cannot apply to [New York Convention] cases." *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006).

"The goal of the Convention is to promote the enforcement of arbitral agreements in contracts involving international commerce so as to facilitate international business transactions and to unify the standards by which agreements to arbitrate are observed." *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999) (citation omitted). "The adoption of the Convention by the United States promotes the strong federal policy favoring arbitration of disputes, particularly in the international context." *Id.*

"The Convention . . . set[s] forth four basic requirements for enforcement of arbitration agreements under the Convention: (1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." *Id.* And the Convention's provision provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention the defendant . . . may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

"The party asserting federal jurisdiction generally bears the burden of proving that the case is properly in federal court." *Goel*, 823 F. Supp. 2d at 211. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Sq., Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Defendant's Notice of Removal asserts that "Cathay and Zheng entered into several written agreements" that "contain dispute resolution clauses, requiring that disputes be settled through arbitration" and that "[t]hese arbitration agreements fall under the . . . New York Convention" because "they are written agreements providing for arbitration in the territory of China – a signatory to the New York Convention – about commercial subject matters" and are "not entirely domestic in scope." (Notice of Removal ¶ 4.) Defendant does not give any further detail as to the content of the arbitration agreements in its Notice of Removal. However, in its opposition to Plaintiff's Motion to Remand, Defendant references its Motion to Compel Arbitration, filed the same day as its Memorandum in Opposition, which

includes copies of the arbitration agreements. (*See* Mem. Opposing Mot. to Remand [Doc. # 30] at 17, n.6.)

The Convention requires that the complaint and petition for removal demonstrate that the subject matter of an action pending in state court "*relates to*" an arbitration subject to the Convention. 9 U.S.C. § 205. The Second Circuit has not interpreted the meaning of the phrase "relates to" in this context. However, several courts in this circuit have embraced the interpretation of the Fifth Circuit, which gives a particularly expansive reading of "relates to," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 863 F. Supp. 2d 351, 355 (S.D.N.Y. 2012) ("The handful of relevant decisions in this District have applied, without explicitly adopting, the broad interpretation of § 205 articulated by the Fifth Circuit in *Beiser*."), as has every other circuit that has confronted the issue, *Outokumpu Stainless USA, LLC v. Coverteam SAS*, 902 F.3d 1316, 1323 (11th Cir. 2018), *rev'd and remanded on other grounds*, 140 S. Ct. 1637 (explaining that the Eighth and Ninth Circuits have adopted *Beiser*).

In *Beiser*, the principal of a consulting company brought suit in his individual capacity regarding an oil investment that was financed by an agreement between the consulting company and a non-party, which contained the arbitration provision. 284 F.3d at 666-667. The plaintiff challenged the federal court's jurisdiction since he had signed the arbitration agreement only as an agent of the corporation, which did not bind him personally. *Id.* at 667. In rejecting the plaintiff's argument, the Fifth Circuit held that plain meaning of "relates to" sweeps broadly and that "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit" within the meaning of § 205. *Id.* at 669. Thus "absent the rare frivolous petition for removal, as long as the defendant claims in the petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Id.* at 671-672. The Fifth Circuit explained that this expansive view comports with the plain meaning of "relates to," avoids requiring courts to make a merits inquiry at the jurisdictional

stage, and preserves defendants' appellate opportunities should the court conclude that the arbitration clause does not provide a defense at the merits stage.[1] *Id.*

Although *Beiser* interprets "relates to" broadly, the scope cannot be limitless because "arbitration under the FAA is a matter of consent, not coercion." *See SanDisk Corp. v. SK Hynix Inc.*, 84 F. Supp. 3d 1021, 1030 (N.D. Cal. 2015) (internal quotations omitted). The Court cannot accept mere conclusory allegations in a notice of removal that an agreement is covered by the Convention because to do so could result in permitting the "frivolous petition[s] for removal" excluded by *Beiser*. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) ("Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction.") And according to the terms of the statute, the Court cannot look beyond the face of the complaint and the petition for removal in deciding whether jurisdiction exists. 9 U.S.C. § 205. Thus the Court finds that Defendant's Notice of Removal, which neither attaches the agreements at issue nor gives detail to the content of the agreements, is insufficient for the Court to evaluate whether the agreements relate to the litigation.

Under traditional removal rules, a party may amend defective allegations of jurisdiction at any time prior to remand. *See Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327 (S.D. Al. 2001) ("After the thirty day period [permitting removal] has expired . . ., a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.") However, such an amendment may only set out more specifically the grounds for removal that have already been stated and cannot assert a new ground of jurisdiction. *Id.* at 1327-1328. While

---

[1] If a district court remanded a case for lack of subject matter jurisdiction, no appeal would be available and this "would be in tension with the solicitude with which federal law generally treats arbitration." *Id.* at 672-673. The lack of appellate review would also mean that *res judicata* could not bind the state court to which the case was remanded, thereby permitting defendants to relitigate the issue and allow the state court to reach a different conclusion about the dispute's arbitrability than the federal court. *Id.* at 674.

the Court's research located no case invoking 28 U.S.C. § 1653 as a basis for permitting amendment of a defective notice of removal under § 205, there is no reason why invocation of § 1653 is inappropriate. Indeed, § 205 "added one of the broadest removal provisions . . . in the statute books," which permits removal up until trial, *Acosta v. Master Maintenance and Const., Inc.*, 452 F.3d 373, 377 (5th Cir. 2006), in contrast with 28 U.S.C. § 1446(b)(B), which permits removal until "30 days after receipt by or service on that defendant of the initial pleading or summons." It would make little sense to construe such a liberal removal provision to have uniquely narrow requirements for amendment absent any such indication in the statutory language. Moreover, the absence of any caselaw invoking § 1653 as a basis for amendment in a § 205 removal is not unsurprising since "[f]ew published decisions concern § 205 removal and fewer still address removal and subject matter jurisdiction at any length." *Samsun Logix Corp. v. Bank of China*, 740 F. Supp. 2d 484, 487 (S.D.N.Y. 2010).

## III.    Conclusion

Given the broad removal provision in § 205 and the general rule permitting amendment of a notice of removal at any time, so long as it does not assert a new jurisdictional ground, the Court grants Defendant's request for leave to amend its notice of removal. Defendant shall file an amended notice of removal on or before August 16, 2021 that gives sufficient detail for the Court to determine whether the agreements at issue relate to the litigation.

IT IS SO ORDERED.



_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of August 2021